2015 UT App 51

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF K.L.S., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

C.L.S.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20141050-CA
Filed February 26, 2015

Sixth District Juvenile Court, Manti Department
The Honorable Paul D. Lyman
No. 1086595

Lawrence H. Hunt, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN
and KATE A. TOOMEY.

PER CURIAM:

¶1 C.L.S. (Father) appeals the order terminating his parental rights to K.L.S. We affirm.

¶2 "[T]o overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the

juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     Father raises two issues on appeal. First, he claims that the evidence was insufficient to support the juvenile court's findings supporting termination. Next, he states that he was not represented by counsel at the termination trial, but he does not assert any claim of error based upon that fact.

¶4     Father was represented by court-appointed counsel until he released his counsel at a review hearing on November 12, 2013. The juvenile court found that Father

> has been fully informed of his right to be represented by Counsel at every stage of this case along with the right to employ his own Counsel or to again request appointed Counsel. [Father,] since November 12, 2013, has chosen to represent himself at all hearings. [Father] did not seek or obtain Counsel for the termination proceedings and has chosen to act pro se at today's termination hearing.

Given the juvenile court's factual findings regarding representation by counsel, which are not disputed on appeal, there is no basis to review any issue related to the fact that Father was not represented by counsel at the termination trial.

¶5     When an appellant in a child welfare proceeding seeks to challenge the sufficiency of the evidence supporting a finding or conclusion, "the appellant must include in the record a transcript

of all evidence relevant to" the challenged finding or conclusion. Utah R. App. P. 54(b). Absent an adequate record on appeal, we cannot address the issues raised and we must "assume the regularity of the proceedings below." *In re L.D.*, 2005 UT App 501U, para. 2 (per curiam) (quoting *State v. Blubaugh*, 904 P.2d 688, 699 (Utah Ct. App. 1995)). Because Father did not provide a transcript to support his insufficiency of the evidence claim, we must assume that the findings and conclusions are supported by sufficient evidence.

¶6   The juvenile court concluded that several grounds supported termination of Father's parental rights. Under Utah Code section 78A-6-507, the finding of a single enumerated ground will support termination of parental rights. Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The court found that K.L.S. was neglected by Father, *see id.* § 78A-6-507(1)(b), and that Father was an unfit or incompetent parent, *see id.* § 78A-6-507(1)(c). The court further found that K.L.S. had been in an out-of-home placement under the supervision of the juvenile court and the Division of Child and Family Services (DCFS), *see id.* § 78A-6-507(1)(d)(i), that Father had "substantially neglected, willfully refused, or has been unable or unwilling to remedy the circumstances that caused the children to be in an out-of-home placement," *see id.* § 78A-6-507(1)(d)(ii), and that "there is a substantial likelihood that [Father] will not be capable of exercising proper and effective parental care in the near future," *see id.* § 78A-6-507(1)(d)(iii). The court also found that Father failed in his parental adjustment. *See id.* § 78A-6-507(1)(e). Finally, the court found that it was in the best interest of K.L.S. to terminate Father's parental rights, *see id.* § 78A-6-506(3), and that DCFS had made reasonable efforts to provide services to Father in an attempt at reunification, *see id.* § 78A-6-507(3)(a).

¶7    In his petition on appeal, Father does not challenge the juvenile court's determination that he experienced a failure in his parental adjustment. Because this unchallenged grounds is sufficient to establish grounds for termination of parental rights, we need not consider Father's challenge to the remaining grounds found by the juvenile court.

¶8    Father challenges the best interest determination by asserting that the State presented evidence only that K.L.S. was loved and cared for by the foster parent and failed to present other evidence as to the considerations stated in Utah Code section 78A-6-509(1)(a). *See* Utah Code Ann. § 78A-6-509(1)(a) (LexisNexis 2012) (stating that the court shall consider, but is not limited to, "the physical, mental, or emotional conditions and needs of the child"). Having already determined that the juvenile court's findings of fact are supported by sufficient evidence, we also determine that those factual findings support the best interest determination. The juvenile court found that in the prospective adoptive home, K.L.S. was loved and cared for; he was bonded and safe; he had been provided with the stability that he needs to be happy and successful; his physical and emotional needs were appropriately addressed; the home was safe and drug free; the foster parent had the financial ability to care for and meet K.L.S.'s needs; and the foster parent was in good health, had family support to care for K.L.S., and was willing to adopt K.L.S. and to treat him as her own child. These factual findings amply support the best interest determination and meet the requirements of section 78A-6-509(1)(a).

¶9    Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Father's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

———————